1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jennifer Kennedy; Chris Gordon; Luis Ponce; )
Jessica Sticken; Ray Groh; Ricardo Parsons; )
Ed Pollick; Heather Schneilberg; Jon Stark; )
Robert Thomas; Vaiva Young; Steven Julius )
Miller, )
)
                    Plaintiffs, )
           vs. )
)
R.M.L.V., LLC, )
)
                    Defendant. )
_____ )

Case No.: 2:12-cv-01134-GMN-GWF

**ORDER**

        Pending before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendant R.M.L.V., LLC.  Also before the Court is the Motion for Conditional Certification and Other Relief (ECF No. 21) filed by Plaintiffs Jennifer Kennedy, Chris Gordon; Luis Ponce, Jessica Sticken, Ray Groh, Ricardo Parsons, Ed Pollick, Heather Schneilberg, Jon Stark, Robert Thomas, Vaiva Young, and Steven Julius Miller (collectively, "Plaintiffs").

## I. BACKGROUND

        Plaintiffs filed a Complaint (ECF No. 1) before this Court in June 2012, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), pursuant to 29 U.S.C. § 216(b), alleging one cause of action on behalf of themselves and others similarly situated, for the illegal retention of tips by Defendant.

        Plaintiffs allege that Defendant "willfully and intentionally violated the FLSA by requiring tipped employees to participate in an invalid tip pool in violation of 29 C.F.R. 531.54." (Compl., 2:¶2, ECF No. 1.)  Also, Plaintiffs allege that Defendant "knowingly allowed for [sic] Managers to participate in the tip pool which is a clear violation of 29 U.S.C. 203(m)

and NRS 608.160 as employers are not permitted to participate in a tip pool except for tip credit." (Compl., 8:¶70. (emphasis omitted).)

Also, Plaintiffs allege that Defendant's "tip pool" policy was in violation of Nevada statute, Nev. Rev. Stat. § 608.160, as an unlawful application of Plaintiffs' tips and gratuities as a credit toward the payment of the statutory minimum hourly wage. (*Id*. at 2:¶2.) Finally, Plaintiffs allege that Defendant acted in violation of Nevada statute, Nev. Rev. Stat. § 608.100(2), "by requiring the employee to pay the employer the employee's tips earned, even though at times no tips were given by patrons." (*Id*.)

Plaintiffs claim supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a), and appear to allege claims under Rule 23 of the Federal Rules of Civil Procedure. (*Id*. at 2:¶4, 10–12.)

**II. DISCUSSION**

**A. Motion to Dismiss**

**1. Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Alternatively, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

**2. Analysis**

Here, the Court agrees that Plaintiffs' Complaint (ECF No. 1) is ambiguous as to Plaintiffs' actual cause of action.  In particular, Plaintiffs fail to unambiguously state the specific statute under the FLSA which they allege Defendant has violated, and the nature of Plaintiffs' allegations relating to Nevada statutes.  Plaintiffs do cite the section of the FLSA which authorizes a private right of action by or on behalf of an employee, 29 U.S.C. § 216(b), and cite to the definition of "wage" under 29 U.S.C. § 203(m) of the FLSA.  However, Plaintiffs appear to rely primarily on the Code of Federal Regulations, 29 C.F.R. § 531.52, to support their allegations of a violation by Defendant.

Section 203(m) of the FLSA defines "wage" and provides guidance as to tips received by the employee in relation to the required wage:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to –
>  (1)  the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>  (2)  an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

29 U.S.C. § 203(m).  "The additional amount on account of tips may not exceed the value of the tips actually received by an employee." *Id*.

Finally, section 203(m) provides:

> The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

*Id*. Under section 206(a)(1), wages must be "not less than":

> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day.

29 U.S.C. § 206(a)(1).

Defendant points out that Plaintiffs' pleading fails to state any dates during which the alleged violations occurred, which frustrates Defendant's ability to respond to the pleading, particularly considering section 206(a)(1)'s date-based wage requirements. Also, Defendant points out that the regulations cited by Plaintiffs took effect on May 5, 2011, further complicating Defendant's attempt to frame a response to Plaintiffs' allegations. Finally, Defendant points out that, to the extent Plaintiffs rely on the Nevada statutes cited to state a cause of action, those claims fail because no private right of action exists.

In their Response, Plaintiffs deny alleging any cause of action pursuant to Nevada statute, and, without citation to case law, explain that they "incorporated discussion of NRS 608.100 and NRS 608.160 in their Complaint because it is necessary for establishing that the tip pool implemented by Defendant was invalid." (Resp. to Mot. to Dismiss, 6:26–28, ECF No. 10.) Therefore, the Court will dismiss any claims under Nevada law, without leave to amend. Also, because no other state law claims appear to be alleged, Plaintiffs' allegations pursuant to Rule 23 of the Federal Rules of Civil Procedure are correspondingly dismissed.

As for Plaintiffs' claims under the FLSA, the Court finds that dismissal of Plaintiffs' federal claims is not appropriate at this time, but will deny Defendant's motion to dismiss Plaintiffs' federal claims without prejudice.

However, the Court agrees with Defendant that clarification is necessary to resolve ambiguities in the Complaint. Therefore, the Court will grant Defendant's motion in the alternative, ordering Plaintiffs to provide a more definite statement pursuant to Rule 12(e). In their amended pleading, Plaintiffs should clarify the date range for which the alleged violations occurred, the specific portions of the FLSA Defendants is alleged to have violated, and facts supporting those allegations, as well as any specific class- or collective-action allegations upon which Plaintiffs intend to rely.

### B. Motion for Conditional Certification and Other Relief

At this time, the Court agrees with Defendant that Plaintiffs' motion to conditionally certify the action pursuant to the FLSA is premature. Correspondingly, Plaintiffs' request for an order giving notice of the pendency of this action is also premature. Finally, Plaintiffs' request to "toll" the FLSA statute of limitations is also denied. As discussed by Defendant in its Response (ECF No. 24), controlling precedent provides no basis for the Court's tolling of the statute of limitations at this time.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 8) is **DENIED in part**, and **GRANTED in part**, as follows. Defendant's Motion to Dismiss Plaintiffs' federal claims under the FLSA is **DENIED without prejudice**. To the extent that Plaintiffs allege any claims under Nevada statute, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims pursuant to Nevada statutes are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion in the Alternative for a More Definite Statement (ECF No. 8) is **GRANTED**. Plaintiffs are ordered to provide a more definite statement of their pleading pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and as described in this Order.

**IT IS FURTHER ORDERED** that the Motion for Conditional Certification and Other

Relief (ECF No. 21) is **DENIED without prejudice**.

      **DATED** this __17__ day of September, 2013.

                                    _____

                                    Gloria M. Navarro
                                    United States District Judge