# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KENNEDY, *et al.*, | )<br>) |
| Plaintiffs, | ) Case No. 2:12-cv-01134-GMN-GWF<br>) |
| vs. | ) **ORDER**<br>) |
| R.M.L.V., LLC, | )<br>) |
| Defendant. | )<br>) |

This matter comes before the Court on the Parties' Joint Motion to File Confidential Settlement Agreement under Seal (#34), filed on January 27, 2014. This action arose from alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and, as such, any settlement agreement must be approved by the Court. *See, e.g., Wright v. Linkus Enterprise, Inc.*, 259 F.R.D. 468, 475-76 (E.D. Calif. 2009).

Courts have the inherent authority to seal their own records and files. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). If documents are filed in conjunction with a dispositive pleading, a party seeking to seal them must satisfy the strict "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009). Under the compelling reasons standard, "a party must overcome a strong presumption in favor of access by showing articulable facts that a compelling reason exists" to seal a pleading. *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, 2011 WL 686362, *1 (D. Nev. 2011). Compelling reasons include trade secrets or information that could be used for "scandalous or libelous purposes." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). It is not enough to justify sealing that disclosure "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

1    The Parties accurately posit that settlement agreements are ordinarily kept secret.  However, "an agreement settling an FLSA claim that is submitted for court approval is indisputably a document that is relevant to the performance of the judicial function and useful in the judicial process, and thus a judicial document subject to the presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2nd Cir. 2006).  There is "a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *In re Sepracor Inc. FLSA Litigation*, 2009 WL 3253947, at *1 (D. Ariz. 2009). Insofar as such agreement "goes to the heart of the matter being adjudicated–and implicates the underlying policies of the FLSA–the presumption of public access that attaches to judicial documents is at its strongest." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  "The presumption of public access to settlements of FLSA actions is particularly strong[.]  Absent an extraordinary reason, the court cannot seal such records." *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009).  The fact that an agreement contains a confidentiality provision or an agreement for sealed filing is insufficient to overcome the presumption of public access.  *See Sepracor*, 2009 WL 3253947, at *1.  Furthermore, the public's interest in accessing the amount of settlement outweighs the parties' interest in keeping it confidential.  *See Gambrell v. Weber Carpet, Inc.*, 2011 Wl 3518172, at *1 (D. Kan. 2011).

     Here, the Parties argue that the terms of the settlement agreement, along with the fact that the agreement contains no admission of wrongdoing and a negotiated provision that it be filed under seal, constitute compelling reasons to seal the agreement.  The Court finds, however, that these properties of the proposed agreement do not overcome the public's interest in accessing it. Upon review of the entire agreement, the Court found no provisions or statements therein that merit shrouding the agreement from the public.  Because the Court finds that the Parties have not established a compelling reason that outweighs the presumption in favor of public access, it will deny the instant Motion.  Accordingly,

...

...

...

2

**IT IS HEREBY ORDERED** that the Parties' Joint Motion to File Confidential Settlement Agreement under Seal (#34) is **denied**.

DATED this 29th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge